UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                                                             Case No. 4:23-cv-315-AW-MJF

ANTONIO T. MARTIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Antonio T. Martin, a pretrial detainee confined at the Leon County Detention Facility, has filed a notice of removal of two state criminal prosecutions from the Second Judicial Circuit Court for Leon County, Florida: *State v. Martin*, Case No. 2021-CF-2412, and *State v. Martin*, Case No. 2022-CF-1961. Doc. 1. The undersigned concludes that the notice of removal should be dismissed and that Martin's state criminal prosecutions should be remanded to the state court.

### I.   Background

On July 19, 2023, Martin filed a notice of removal under 28 U.S.C. § 1455, seeking to remove two state criminal prosecutions. Doc. 1 at 4. As grounds for removal, Martin relies on 28 U.S.C. § 1443, and alleges that the state prosecutions violate his Fourth and Fourteenth Amendment rights because: (1) the 2021 criminal

action was filed without probable cause based on an unsigned and unsworn arrest affidavit by a deputy who later was fired from the Leon County Sheriff's Office for filing false police reports; (2) the state-court trial judge, the assistant prosecutor, and Martin's public defender "have refused to preserve and refused to disclose" exculpatory evidence; and (3) Martin was denied "the constitutional right to a fair and reliable probable cause determination within 48 hours from the time of his arrest." Doc. 1 at 1-4.

## II. Discussion

The statute governing the removal of criminal cases, 28 U.S.C. § 1455, provides:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Under 28 U.S.C. § 1443(1), a defendant may remove a state criminal prosecution to federal court where the defendant "is denied or cannot enforce in [the

state courts] a right under any law providing for the equal civil rights of citizens of the United States. . . ." 28 U.S.C. § 1443(1).

"A valid section 1443(1) removal notice must satisfy a two-part test." *Georgia v. Daker*, 853 F. App'x 514, 516 (11th Cir. 2021) (citing *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "The phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Conley* at 1295.

Under 28 U.S.C. § 1443(2), a defendant may remove a state criminal prosecution for "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2) "Section 1443(2) provides this privilege of removal only for state and federal officers, and their agents." *Cave v. Florida*, 814 F. App'x 555, 557 (11th Cir. 2020) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966)).

A.     **Martin Fails to Satisfy 28 U.S.C. § 1443(1)**

Martin's rights under the Fourth and Fourteenth Amendments implicate broad constitutional guarantees of general application to all persons or citizens, rather than "rights implicating racial equality." *See Rachel*, 384 U.S. at 792 (Section 1443(1) does not apply to "the whole gamut of constitutional rights;" a defendant's reliance on broad constitutional provisions does not support removal under § 1443 when those provisions are not phrased in "the specific language of racial equality that § 1443 demands" (quotations omitted) (referring to the First Amendment and the Due Process Clause of the Fourteenth Amendment)); *Conley*, 245 F.3d at 1295-96 (the "right to a fair trial and equal protection of the laws" does not support a valid claim for removal under § 1443(1)). In other words, the rights Martin mentions that are protected by the Fourth and Fourteenth Amendments apply regardless of the individual's race.

Martin also fails to satisfy *Rachel*'s second prong. This prong requires Martin to show that "he has been denied" an equal civil right under federal law "or cannot enforce that right in the state courts." *See Conley*, 245 F.3d at 1295. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id*. at 1296 (quoting *Rachel*, 384 U.S. at 803). Martin's notice of removal cites to no formal expression of state law prohibiting him from asserting his constitutional rights in state court. "It is not enough to support removal under

[section] 1443(1) to allege or show . . . that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827.

Moreover, "section 1443(1) removal is improper where 'any denial of federal rights that might come to pass as the proceedings progressed could be redressed by direct review of the federal claims by the state appellate court and the United States Supreme Court or in other proceedings designed to remedy claims of unfair proceedings, denial of equal protection, and rights protected under [42 U.S.C. section 1983].'" *Daker*, 853 F. App'x at 518 (quoting *Conley*, 245 F.3d at 1298). It is impossible to know at this stage whether "the state trial court will find [Martin] guilty if he is innocent." *See Peacock*, 384 U.S. at 827. And if Martin ultimately were to be found guilty, he would be entitled to direct review of his conviction by the state appellate court and, eventually, the Supreme Court. *See id.*; *Conley*, at 245 F.3d at 1298. Because Martin has multiple avenues to seek relief, he has not shown that the state courts "cannot enforce" his federal rights. *See Conley*, 245 F.3d at 1295, 1298.

In sum, Martin fails to satisfy *Rachel*'s first prong because the constitutional rights underlying his notice of removal are *not* stated in terms of racial equality; and Martin fails to satisfy *Rachel*'s second prong because he fails to show that he has been denied or cannot enforce those rights in state court. *See, e.g., Daker*, 853 F.

App'x at 516-17 (rejecting defendant's argument that he was entitled to remove his state criminal prosecution under § 1443(1) because the prosecution violated his First, Eighth, and Fourteenth Amendments rights); *State v. Weber*, 665 F. App'x 848 (11th Cir. 2016) (same where defendant maintained that his criminal prosecution violated the Ex Post Facto Clause).

### B. Martin Fails to Satisfy 28 U.S.C. § 1443(2)

Section 1443(2) provides no basis for Martin to remove his state criminal prosecutions to federal court, because he is not a state or federal officer, nor an agent of either. *See Peacock*, 384 U.S. at 824 & n.22; *see also Cave*, 814 F. App'x at 557 ("[T]here was no removal jurisdiction under § 1443(2) because Cave was not a state or federal officer, nor an agent of either.").

Because it plainly appears from the face of Martin's notice of removal that there is no basis for him to remove his state criminal prosecutions to federal court, Martin's state prosecutions should be remanded to the state court. *See, e.g., Daker*, 853 F. App'x at 516-17 (dismissing defendant's notice of removal of state criminal prosecutions because he failed to satisfy 28 U.S.C. § 1443(1)); *Cave*, 814 F. App'x at 557 (same); *Weber*, 665 F. App'x at 851-82 (same); *Lomax v. Florida*, 472 F. App'x 902, 902-03 (11th Cir. 2012) (same).

### III. CONCLUSION

For the reasons outlined above, the undersigned respectfully **RECOMMENDS** that:

1. Martin's notice of removal, Doc. 1, be **DISMISSED**.

2. Martin's criminal cases, Leon County Circuit Court Case Nos. 2021-CF-2412 and 2022-CF-1961, be remanded to the state court.

3. The clerk of court close this case file.

At Pensacola, Florida, this 21st day of July, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**